**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **REGINALD VANCE**<br>732 West Tantallon Drive<br>Fort Washington, MD 20744<br><br>   **Plaintiff**<br><br> v.<br><br>**DAVID J. SHULKIN,**<br>**SECRETARY, DEPARTMENT OF**<br>**VETERANS AFFAIRS**<br>810 Vermont Avenue, NW<br>Washington DC 20420<br><br>   **Defendant** | Case No.: 18-577<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

Plaintiff Reginald Vance, by and through counsel, hereby files this Complaint for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), against Defendant David J. Shulkin, Secretary, U.S. Department of Veterans Affairs.

### JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq*.

2. Plaintiff has exhausted all administrative remedies prior to filing suit.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendant may be found in this judicial district.

1

**PARTIES**

4. Plaintiff Reginald Vance (hereafter "Plaintiff" or "Dr. Vance") is an African American male and a resident of the State of Maryland.

5. David J. Shulkin (hereinafter "Defendant" or the "Agency") is the Secretary of the U.S. Department of Veterans Affairs ("VA"), an administrative agency of the United States government and an "employer" within the meaning of the statutes under which Plaintiff brings his claims.

**FACTUAL ALLEGATIONS**

6. Plaintiff Vance was employed by the U.S. Department of Veterans Affairs as a Supervisory Program Supervisor, GS-0301-15, in the Office of Enterprise Support Services ("OESS") during the times relevant to this Complaint. Following a realignment in early 2017, his position was changed to Director of Learning Infrastructure.

7. Plaintiff Vance's direct first-line supervisor was Marty Holland. His second-line supervisor was George Tanner (Caucasian), the Dean of the VA Learning University ("VALU").

8. Mr. Tanner served as the Dean of VALU between July 2013 and January 2017. Beginning in 2013, he often harassed Plaintiff Vance by requiring him to work when he was out of the office on sick leave, assigning him tasks that were not a part of his duties and responsibilities, holding him accountable for the performance of other employees, publicly communicating with him in an unprofessional and discourteous manner, and unreasonably reprimanding him based on false accusations regarding his performance and the tone of his emails. In addition, he implicitly threatened Plaintiff Vance's employment when he falsely stated in February 2017 that Plaintiff Vance and other VALU employees occupied positions that were susceptible to a reduction in force.

9.      In December 2016, a video consisting of a compilation of VA employees was assembled to wish farewell to a VALU staff employee, Amber Blake.  The video was made for Ms. Blake's going away luncheon and was presented to all staff in attendance at her luncheon.  Mr. Tanner, who has a statuette of four monkeys in his office, appeared in the video alone with the statuette. In the video, he stated in reference to the statuette of the four monkeys, "…[S]everal of the senior staff and I have gathered here today to wish you a fond farewell.  Of course, you can see some of the Directors here.  I won't name them, but you can figure out which ones are which…." At this time, Mr. Tanner supervised four African American directors.

10.     Deirdre Wallace (African American), Director of the Program Operations Division, told Plaintiff Vance about the video and showed it to him on February 10, 2017.  Subsequently, Plaintiff Vance viewed the video several additional times.

11.     Plaintiff Vance and two other African American directors who reported to Mr. Tanner—Ms. Wallace and Randy Perry, an Associate Director—testified during Equal Employment Opportunity proceedings before the Agency that they were offended by Mr. Tanner's comments in the video in which he referred to his African American subordinates as monkeys. Ms. Wallace explained that she was disgusted by Mr. Tanner's comment because there is a history of racism in the United States and pursuant to this history, African Americans have been called or depicted as monkeys.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964, as amended
### 42 U.S.C. § 2000e *et seq.*
### Hostile Work Environment Based on Race

12.     Plaintiff incorporates by reference paragraphs 1 through 11 as if fully stated herein.

13.     Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.

14.     A hostile work environment is a form of prohibited employment discrimination where the employee is subjected to a work environment permeated with ridicule and humiliation that substantially alters the work environment.  However, a single use of a "deeply offensive racial epithet ... might well ... be [] sufficient to establish a hostile work environment."  *Ayissi–Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C. Cir. 2013).  *See also Boyer-Liberto v. Fontainebleau Corp*., 786 F.3d 264, 277 (4th Cir. 2015) ("…an isolated incident of harassment can amount to discriminatory changes in the terms and conditions of employment, if that incident is extremely serious.") (internal citations omitted).  In addition, a "supervisor's use of a racial epithet impacts the work environment far more severely than use by co-equals." *Boyer-Liberto*, 786 F.3d at 278.  *See also Rodgers v. W.–S. Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir. 1993), *and Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 763, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) ("a supervisor's power and authority invests his or her harassing conduct with a particular threatening character.").  The use of "monkey" to refer to an African American employee "is about as odious as the use of the word 'nigger.'"  *Boyer-Liberto*, 786 F.3d at 280.  *See also Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir. 2001) ("describing an African–American as a 'monkey,' and thereby 'suggest [ing] that a human being's physical appearance is essentially a caricature of a jungle beast[,] goes far beyond the merely unflattering; it is degrading and humiliating in the extreme.'"); *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 911 (8th Cir. 2006) (recognizing that "[p]rimate rhetoric has been used to intimidate African–Americans" and that "[t]he use of the term 'monkey' and other similar words," including the variation "porch monkey," has "been part of actionable racial harassment claims across the country") (internal citations omitted).

15.     At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

16.     At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

17.     In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendant knowingly and intentionally subjected Plaintiff to a hostile work environment based on his race when Plaintiff's supervisor referred to his African American subordinates as monkeys in a December 2016 video, which was shown at a departing employee's farewell luncheon. In addition, Plaintiff was subjected to harassment when his supervisors required him to work when he was out of the office on sick leave, assigned him tasks that were not a part of his duties and responsibilities, held him accountable for the performance of other employees, publicly communicated with him in an unprofessional and discourteous manner, and unreasonably reprimanded him based on false accusations regarding his performance and the tone of his emails.

18.     As a result of such acts, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE and for the foregoing reasons, Plaintiff respectfully prays as follows:

a.      Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

b.      Enjoin Defendant from discriminating against employees based on their race;

c.      Award Plaintiff all available damages, including compensatory damages for emotional distress and hardship created by the Defendant's discrimination;

d.      Award payment of all fees, costs, expenses, including attorneys' fees and expert fees; and

e. Award Plaintiff such other relief as to which he may be deemed entitled.

## **JURY TRIAL**

Plaintiff requests a trial by jury on all issues that are triable by jury.

Respectfully submitted,

_/s/_
David A. Branch #438764
Law Office of David A. Branch &
Associates, PLLC
1828 L Street NW, Suite 820
Washington, DC 20036
(202) 785-2805 phone
(202) 785-0289 fax
davidbranch@dbranchlaw.com